## IN THE UNITED STATES DISTRICT COURT OF MARYLAND
## GREENBELT DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **JARED MAREK,** | * |
| | * |
| Plaintiff, | * |
| | * Case No.: **8:13-cv-01321-AW** |
| **v.** | * |
| | * |
| **ATLANTIC SERVICES GROUP, INC.,** | * |
| Serve: | * |
| Martin E. Janis | * |
| 11425 Twining Ln. | * |
| Potomac, MD 20854 | * |
| | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Jared Marek, by and through the undersigned counsel, on behalf of himself and all others similarly situated, and files the following First Amended Complaint against Defendant Atlantic Services Group, Inc. and alleges as follows:

### BACKGROUND

### THE NATIONWIDE PROBLEM OF IDENTIFY THEFT AND FRAUD

1. Identity theft has risen to epidemic proportions in the United States.

2. In 2004, the Federal Bureau of Investigation reported that identity theft is one of the fastest growing crimes in America.[1]

3. In 2013, the Federal Trade Commission (FTC) recently listed identity theft as the most frequent consumer complaint it receives.[2]

---

[1] Federal Bureau of Investigations. http://www.fbi.gov/news/stories/2004/october/preventidt_102104 (last accessed April 2013).
[2] http://www.consumer.ftc.gov/blog/top-complaint-ftc-id-theft-again (last accessed April 2013)



4.      According to consumer loss surveys conducted by Javelin Strategy and Research the annual loss related to identity theft was 37 billion dollars in 2010.[3]

5.      In 2006 alone, victims of identity theft spent over 200 million hours correcting the theft.[4]  At the average national wage for 2006 of \$16.72 per hour, this was equivalent to \$3,343,833,333.33 (\$3.344 billion dollars).[5]

6.      Credit card crimes affected 8.1 million Americans in 2010.  The average amount lost by each individual was \$631.[6]

### 15 U.S.C. §§ 1681 ("FACTA")

7.      In 2003, Congress passed and the President signed the Fair and Accurate Credit Transaction Act, 15 U.S.C. § 1681 *et seq.*, ("FACTA").

8.      FACTA was passed to help prevent identity theft and credit card fraud by making it more difficult for thieves to access peoples' credit card information.  In a statement during the signing of the bill, the President declared that:

> This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs.  With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.[7]

9.      Congress intended to reduce the amount of information that criminals could obtain from finding credit card receipts.

10.      FACTA (codified as 15 U.S.C. § 1681c(g)) provides that:

---

[3] https://www.javelinstrategy.com/uploads/1103.R_2011%20Identity%20Fraud%20Survey%20Consumer%20Report .pdf (last accessed April 2013).
[4] Federal Bureau of Investigations,
http://www.fbi.gov/publications/financial/fcs_report2006/financial_crime_2006.htm#Identity (last accessed April 2013).
[5] Bureau of Labor Statistics, http://www.bls.gov/news.release/archives/realer_01182007.pdf (last accessed April 2013).
[6] Javelin Strategy Report, *supra* note 3.
[7] George W. Bush, *Remarks on Signing the Fair and Accurate Credit Transactions Act of 2003* (2003), http://www.gpo.gov/fdsys/pkg/WCPD-2003-12-08/pdf/WCPD-2003-12-08-Pg1746.pdf.

No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction. (Emphasis supplied.)

11.     With respect to machines that were in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on and after December 4, 2006.

12.     There was confusion among courts as to whether a violation required printing both the digits and the expiration date or if printing either would violate FACTA.

13.     To clarify the issue, Congress unanimously passed, and the President signed, the Credit and Debit Card Receipt Clarification Act of 2007, 15 U.S.C. § 1681c(g).

14.     This amendment reiterated the dangers of credit card fraud and clarified that a merchant violates the statute by printing more than five digits of a credit card number OR the expiration date on a receipt.

15.     The amendment also recognized the earlier confusion and exempted earlier printing of the expiration date for the period preceding the passage of the amendment.

16.     Thus, while Congress excused prior noncompliance in the form of printing the expiration date, the bill made it clear that further noncompliance is actionable.

17.     With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1).

## NATURE OF THE CASE

18.     Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendant based on Defendant's violation of the Fair and Accurate Credit Transaction Act, 15 U.S.C. §§ 1681 *et seq.* (this statute is called "FACTA").  FACTA is designed to protect

cardholders from identity theft and fraud by requiring merchants to limit the information printed on customer receipts. Each violation of FACTA allows the consumer to recover not less than $100 and not more than $1,000 from the merchant. The Defendant has been violating this statute by printing the expiration date and/or more than five (5) digits of consumers' credit card numbers on customer receipts.

19.     Plaintiff seeks, on behalf of himself and the class, statutory damages, compensatory damages, punitive damages, costs and attorneys fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq.*

## JURISDICTION

20.     This Court has subject matter jurisdiction over this matter, as conferred on this Court by under 28 U.S.C. § 1331, as this complaint raises a federal question arising from the Fair and Accurate Credit Transaction Act, 15 U.S.C. §§ 1681 *et seq.*

21.     This Court has in personam jurisdiction over the Defendant, since it transacts business within Maryland.

## VENUE

22.     Venue is proper as to all parties since they all reside or transact business within Maryland.

## THE PARTIES

23.     Jared Marek ("Plaintiff") is and at all times relevant hereto was a resident of the Alexandria, Virginia.

24.     Atlantic Services Group, Inc. ("Defendant") is a business organized under the laws of Maryland and owns and operates several parking garages including a parking garage at

5454 Wisconsin Avenue, Chevy Chase, Maryland, where Defendant processed Plaintiff's credit card transaction. This location also serves as Defendant's Principal Office.

25.     Defendant transacts business in the State of Maryland and accepts credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the members of the class.

26.     In transacting such business, Defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

27.     Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA, 15 U.S.C. § 1681 *et seq*.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs 1 to 27 of this Complaint as if fully set forth herein.

29.     On April 18, 2012, Plaintiff paid for parking services at a facility operated by Defendant.

30.     After the effective date of the statute, as amended, Defendant provided Plaintiff with an electronically printed receipt on which Defendant printed the expiration date of Plaintiff's credit or debit card.

31.     Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

32.     Defendant has violated FACTA and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendant.

5

33.    Plaintiff seeks to represent a class of persons to be defined as follows:

   a.   With respect to any cash register or other machine or device that
        electronically prints receipts for credit card or debit card transactions that
        was in use prior to January 1, 2005: all persons to whom Defendant
        provided an electronically printed receipt at the point of sale or
        transaction, in a transaction occurring after December 4, 2006, on which
        Defendant printed more than the last five digits of the person's credit card
        or debit card number; and/or

   b.   With respect to any cash register or other machine or device that
        electronically prints receipts for credit card or debit card transactions that
        was first put into use on or after January 1, 2005: all persons to whom
        Defendant provided an electronically printed receipt at the point of sale or
        transaction, in a transaction occurring after such machine was put into use,
        on which Defendant printed more than the last five digits of the person's
        credit card or debit card number; and/or

   c.   With respect to any cash register or other machine or device that
        electronically prints receipts for credit card or debit card transactions in
        use after June 3, 2008: all persons to whom Defendant provided an
        electronically printed receipt at the point of sale or transaction on which
        Defendant printed the expiration date of the person's credit card or debit
        card.

34.    Numerosity: The class described above is so numerous that joinder of all

individual members in one action would be impracticable.  The disposition of the individual

claims of the respective class members through this class action will benefit both the parties and

this Court.

   a.   Plaintiff is informed and believes, and thereon alleges, that there are at
        minimum hundreds of members of the class described above.

   b.   The exact size of the class and the identities of the individual members
        thereof are ascertainable through Defendant's records, including but not
        limited to Defendant's sales and transaction records.

   c.   Members of the class may be notified of the pendency of this action by
        techniques and forms commonly used in class actions, such as by
        published notice, e-mail notice, website notices, first class mail, or
        combinations thereof, or by other methods suitable to this class and
        deemed necessary and/or appropriate by this Court.

6

35.     Common Questions of Fact and Law: There is a well-defined community of

interest and common questions of fact and law affecting members of the class.  The questions of

fact and law common to the class predominate over questions which may affect individual

members and include the following:

> a.   Whether Defendant's conduct of providing Plaintiff and the members
>      of the class with a sales or transaction receipt whereon Defendant
>      printed more than the last five digits of the credit card or debit card
>      and/or the expiration date of the credit card or debit card violated the
>      FACTA, 15 U.S.C. §§ 1681 et seq.;
>
> b.   Whether Defendant's conduct is also willful; and
>
> c.   Whether Plaintiff and members of the class are entitled to statutory
>      damages, punitive damages, costs and/or attorneys' fees for
>      Defendant's acts and conduct.

36.     Typicality: Plaintiff's claims are typical of the claims of the members of the class.

The claims of the Plaintiff and members of the class are based on the same legal theories and

arise from the same unlawful and willful conduct.

> a.   Plaintiff and members of the class were customers of Defendant, each
>      having made a purchase or transacted other business with Defendant
>      using a credit card and/or debit card. At the point of such sale or
>      transaction with Plaintiff and members of the class, Defendant
>      provided to Plaintiff and each member of the class a receipt in
>      violation of 15 U.S.C. § 1681c(g).

37.     Adequacy of Representation: Plaintiff is an adequate representative of the class

because his interests do not conflict with the interests of the members of the class.  Plaintiff will

fairly, adequately, and vigorously represent and protect the interests of the members of the class

and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who

are competent and experienced in the prosecution of class action litigation.

38.     Fairness and Efficiency: A class action is a fair and efficient method for

adjudication of the claims of the class.  While the aggregate damages which may be awarded to

the members of the class are likely to be substantial, the damages suffered by the individual members of the class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the class against this defendant.   The likelihood of the individual members of the class prosecuting individual claims is remote.   Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

## **COUNT I – VIOLATION OF FACTA**

39.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs 1 to 38 of this Complaint as if fully set forth herein.

40.    Plaintiff asserts this claim on behalf of himself and the class against Defendant.

41.    Defendant, at the point of a sale or transaction with members of the class, provided, either: a) through use of a machine that was first put into use on or after January 1, 2005, at any time after such date; or b) through any machine at any time after December 4, 2006, each member of the class with one or more electronically printed receipts on each of which Defendant printed, for each respective class member, more than the last five digits of such

member's credit card or debit card number and/or through any machine at any time after June 3, 2008, printed the expiration date of such member's credit or debit card.

42.     Defendant knew of, or in reckless disregard should have known of, FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

43.     Despite having had up to more than four years to comply with FACTA's requirements, Defendant willfully violated and continues to violate FACTA's requirements by, *inter alia,* printing more than five digits of the card number and/or the expiration date upon the receipts provided to members of the class with whom Defendant transacts business.

44.     Thousands of businesses across the country readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendant could have done the same.

45.     In contrast, Defendant willfully disregarded FACTA's requirements and continues to use cash registers or other machines or devices that print receipts in violation of FACTA.

46.     Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of the class, thereby exposing Plaintiff and the members of the class to an increased risk of identity theft and credit and/or debit card fraud.

47.     As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiff and each member of the class in the statutory damage amount of "not less than $100 and not more than $ 1,000" for each violation.  15 U.S.C. § 1681n(a)(1)(A).

48.     As a result of Defendant's willful violations of FACTA, Plaintiff and the members of the class are entitled to punitive damages.  15 U.S.C. § 1681n(a)(2).

49.     As a result of Defendant's willful violations of FACTA, Plaintiff and the members of the class are entitled to costs and attorneys fees.  15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, prays for:

a.  An order certifying the class and appointing Plaintiff as the representative of the class, and appointing Ian Stumpf of JR Howell & Associates counsel for the class;

b.  An award to each Plaintiff and each member of the class of statutory damages an amount of not less than $100 and not more than $ 1,000 for each violation pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendant's willful violations;

c.  An award to Plaintiff and the members of the class of compensatory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendant's willful violations;

d.  An award to Plaintiff and the members of the class of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

e.  Payment of Costs of suit herein incurred pursuant to, inter alia, 15 U.S.C. § 1681n(a)(3);

f.  Payment of reasonable attorneys' fees pursuant to, inter alia, 15 U.S.C. § 1681n(a)(3);

g.  A permanent injunction enjoining Defendant from engaging in its unlawful violations of FACTA; and

h.  For such other and further relief as the Court may deem proper.

Respectfully submitted,

/s/ Ian Stumpf
Ian Stumpf (MD Bar No.: 18052)
JR Howell & Associates
515 8th Street, SE, Suite 1
Washington D.C. 20003
P: 202.518.2591
F: 202.518.2571

E: istumpf@jrhlegalstrategies.com
*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff requests a trial by jury with respect to all matters and issues properly triable by a jury.


DATED:_____

                                                        Respectfully submitted,

                                                        /s/ Ian Stumpf_____
                                                        Ian Stumpf (MD Bar No.: 18052)
                                                        JR Howell & Associates
                                                        515 8th Street, SE
                                                        Suite 1
                                                        Washington D.C. 20003
                                                        P: 202.518.2591
                                                        F: 202.518.2571
                                                        E: istumpf@jrhlegalstrategies.com
                                                        *Attorney for Plaintiff*